904 P.2d 541

ALOHA UNLIMITED, INC., a Hawai'i corporation, Plaintiff–Appellant

v.

Patricia COUGHLIN, Aloha Holidays, Ltd., dba Paradise Party Planners, a Hawai'i corporation, John Does 1–10, Jane Does 1–10, Doe Corporations 1–10, and Doe Entities 1–10, Defendants–Appellees.

Patricia COUGHLIN, Plaintiff/Counterclaim Defendant–Appellee

v.

ALOHA UNLIMITED, INC., Defendant/Counterclaimant–Appellant, and William Cataldo and Doe Defendants 1–10, Defendants.

Nos. 16416, 16417.

Intermediate Court of Appeals of Hawai'i.

Oct. 2, 1995.

David C. Schutter, Eve M. Green and Paul D. Hicks (David C. Schutter & Associates, of counsel), on the briefs, Honolulu, for Plaintiff/Counterclaim Defendant–Appellee in Civil No. 88–0642–03 and Defendants–Appellees Patricia Coughlin and Aloha Holiday, Ltd. in Civil No. 92–0061.

Randolph R. Slaton, on the briefs, Honolulu, for Defendant/Counterclaimant–Appellant Aloha Unlimited, Inc. in Civil No. 88–0642–03 and for Plaintiff–Appellant Aloha Unlimited, Inc. in Civil No. 92–0061.

Before BURNS, C.J., and KIRIMITSU, J., and MARKS, Circuit Judge in place of WATANABE, J., Disqualified.

KIRIMITSU, Judge.

In Appeal No. 16417, Defendant/Counterclaimant–Appellant Aloha Unlimited, Inc. (Aloha) challenges the dismissal of its counterclaim in Civil No. 88–0642. In Appeal No. 16416, Aloha appeals the dismissal of its amended complaint in Civil No. 92–0061. Since both appeals involve Patricia Coughlin (Coughlin), the Plaintiff/Counterclaim Defendant–Appellee in Civil No. 88–0642 and the Defendant–Appellee in Civil No. 92–0061, they were consolidated under Appeal No. 16416 on November 12, 1992. We affirm.

In the disposition of the appeals, we will first discuss the appeal from the judgment dismissing Aloha's counterclaim in Civil No. 88–0642, then the appeal of the dismissal of

Aloha's first amended complaint in Civil No. 92–0061.

## CIVIL NO. 88–0642

### I. JURISDICTION

■ On July 29, 1992, the circuit court in Civil No. 88–0642 directed the entry of a final judgment in favor of Coughlin on Aloha's counterclaim pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b). Aloha timely filed its amended notice of appeal on August 28, 1992.[1]

First, we address Aloha's challenge to the court's order directing the entry of a final judgment. Aloha asserts that the court abused its discretion in entering an order certifying a final judgment regarding the counterclaim pursuant to HRCP Rule 54(b) because Coughlin "did not seek to file an immediate appeal[.]" This argument is without merit because a court's discretion to direct the entry of a final judgment is not dependent upon whether a party seeks an immediate appeal. Instead, HRCP Rule 54(b) applies to cases which present "[m]ore than one claim for relief ... in an action, whether as a claim, counterclaim, cross-claim, or third party claim, ... [and] the court may direct the entry of a final judgment as to one or more but fewer than all of the claims...." The dismissal of the counterclaim signals the end of that particular claim in Civil No. 88–0642, but not the remaining claims in Coughlin's complaint, thus, HRCP Rule 54(b) clearly applies.

### II. FACTS

On March 2, 1988, Coughlin filed a complaint against Aloha and William Cataldo[2] (Cataldo), the "president, director and shareholder of Aloha Unlimited," alleging that Cataldo breached his promise to give Coughlin a fifty percent share of Aloha. On May 27,

---

1. The order granting Coughlin's motion for a Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) certification was filed on July 29, 1992, prior to the March 31, 1994 effective date of *Jenkins v. Cades Schutte Fleming & Wright*, 76 Hawai'i 115, 869 P.2d 1334 (1994) (per curiam). "[A]fter March 31, 1994, a party cannot appeal from a circuit court order even though the order

may contain [HRCP] Rule 54(b) certification language[.]" *Oppenheimer v. AIG Hawai'i Ins. Co.*, 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994).

2. William Cataldo was not a party to the Counterclaim under Civil No. 88–0642 nor to the First Amended Complaint under Civil No. 92–0061. Therefore, he is not a party to the present appeal.

1988, Aloha filed a counterclaim against Coughlin for failure to pay debts (Count I), breach of fiduciary duty and fraud (Count II), improper competition (Count III), and false misrepresentation (Count IV).

Aloha's counterclaim was dismissed with prejudice as a discovery sanction pursuant to HRCP Rule 37(d).[3] The first order, entered on June 21, 1991 (June 21, 1991 Order), dismissed Counts III and IV[4] of the counterclaim while the second order, entered on March 3, 1992 (March 3, 1992 Order), dismissed Counts I and II. We set out the pertinent discovery proceedings under each dismissal order.

### A. *June 21, 1991 Order*

On January 10, 1991, Coughlin served Aloha's corporate designee with a notice of oral deposition and a subpoena duces tecum. The deposition was to be conducted on January 28, 1991. On January 23, 1991, a First Amended Notice of Taking Deposition was filed, rescheduling the oral deposition to January 31, 1991. Aloha did not appear at the rescheduled time,[5] instead appearing the following day, February 1, 1991, with Cataldo as the corporate designee. No documents were brought to this deposition.

On February 8, 1991, Coughlin filed a motion to dismiss Aloha's counterclaim as a sanction for its failure to appear on the scheduled time and for its nonproduction of documents. Coughlin averred that when Cataldo did appear, he was inadequately prepared for the oral deposition and did not respond to questions relevant to damages sought in the counterclaim. In addition, Coughlin listed some of Aloha's prior conduct during discovery which it characterized as "a deliberate and prejudicial pattern [of behavior] ... designed to obstruct Coughlin's right to discovery[.]"[6] In its memorandum in op-

---

3. HRCP Rule 37(d) provides:

**Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his [or her] deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him [or her] or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

4. An order granting Coughlin's motion for partial summary judgment as to Count IV of Aloha's counterclaim was filed on April 12, 1991 and is not challenged on appeal. The dismissal of Count IV is not part of this appeal.

5. Counsel for Aloha telephoned Coughlin's attorney on January 31, 1991 to say that they will not be able to appear on that day for the deposition. A letter transmitted by facsimile on the same day, confirming the telephone conversation, explains that Cataldo could not make the deposition "due to some confusion at [his] office with his schedule" but he will appear the next day.

6. The list of incidents includes depositions taken on August 27 and 30, 1990 where two of Aloha's former counsel were instructed by its present counsel not to respond based on attorney-client privilege. As a result, on October 2, 1990, Coughlin filed a motion to compel the two deponents to respond. This motion was granted on November 20, 1990.

Although not included in the list, the record indicates that Coughlin, prior to filing this motion to dismiss, filed a number of motions to compel against Aloha, including:

(1) May 3, 1989, a motion to compel production of materials pursuant to Coughlin's first request for production of documents. This motion was denied on August 30, 1989.

(2) August 23, 1990, a motion to compel appropriate responses to written interrogatories. It was granted on September 11, 1990. Aloha moved for a rehearing which was denied on February 11, 1991. An order granting the motion to compel was filed on March 12, 1991.

(3) September 28, 1990, a motion to compel production pursuant to Coughlin's second request for production of documents, granted on February 3, 1992.

(4) October 2, 1990, a motion to compel production of financial records, granted on May 17, 1991.

position filed on February 19, 1991, Aloha averred that its appearance at the deposition twenty-four hours late does not justify imposition of a sanction as drastic as dismissal. Additionally, because Aloha informed Coughlin by a letter that they were opposed to the entire subpoena duces tecum, they did not have to produce documents at the deposition. However, the record indicates that Aloha did not file a motion for protective order for Cataldo's appearance at the scheduled deposition or for the documents sought in the January 10, 1991 subpoena.

On June 21, 1991, the court filed an order partially granting Coughlin's motion to dismiss pursuant to HRCP Rule 37(d). The court dismissed with prejudice Counts III and IV of Aloha's counterclaim while preserving the remaining claims. The court also ordered Aloha to "pay [Coughlin's] reasonable attorneys fees and costs associated with [Cataldo's] failure to attend and/or participate in the [HRCP] Rule 30(b)(6) deposition" plus costs and fees incurred for the motion. In addition, the court ordered Aloha to "fully comply" with Coughlin's amended notice of deposition and to "produce pursuant to [HRCP] Rule 34 ... all relevant documents set forth in the Subpoena Duces Tecum[.]"

## B. *March 3, 1992 Order*

On August 20, 1990, Coughlin served Aloha and Cataldo with her second request for production of documents. On September 28, 1990, Coughlin filed a motion to compel Cataldo to respond to her second request for production of documents. In a hearing held on October 3, 1990, the court granted Coughlin's motion and ordered Cataldo to produce documents pursuant to Coughlin's second request for production.[7] On June 7, 1991,

Coughlin filed a Motion for Entry of Default against Aloha for ignoring discovery orders including the order to respond to Coughlin's second discovery request. In opposition, Aloha asserted that it had responded to Coughlin's second request for production pursuant to the order compelling it to do so. Alternatively, Aloha pointed out that the oral order granting the September 28, 1990 motion to compel was invalid because it was not memorialized in writing. The motion for default was denied on July 30, 1991, however, the court ordered Aloha "[t]o respond to '... Coughlin's Second Request for Production of Documents,' within (30) thirty days from July 30, 1991."[8] On October 9, 1991, Coughlin filed a Motion to Compel Discovery and/or For Sanctions Including Default. Coughlin alleged that Cataldo ignored the court's orders and failed to produce the documents sought in her second request for production. On October 22, 1991, Aloha filed its memorandum in opposition maintaining that it had complied with the second request for production. On March 3, 1992, an order granting Coughlin's motion for sanctions was entered by the court. The court dismissed with prejudice Counts I and II of Aloha's counterclaim and ordered it "[t]o comply with previous discovery Orders entered by the Court compelling [Aloha] to respond to [Coughlin's] Second Request for Production of Documents[.]"

## III. DISCUSSION

▮▮▮ "The circuit court is given broad discretion in determining the sanctions to be imposed pursuant to [HRCP] Rule 37(b)(2)." *Wong v. City & County*, 66 Haw. 389, 394, 665 P.2d 157, 161 (1983). "A trial court's

---

(5) October 8, 1990, a motion to compel a non-party deponent to respond to deposition questions, granted on January 15, 1990.

7. Coughlin's memorandum in support of its October 9, 1991 motion for sanctions indicates that its September 28, 1990 motion to compel was granted on February 14, 1991. In support, it attached Exhibit A to its affidavit, which is a copy of the civil motions calendar for October 3, 1990 listing the September 28, 1990 motion as "# 4[.]" On the side of Exhibit A is a written notation dated "2/14/91" stating "G: # 4 except as to questions 13, 14, 28, 30, 35, 36, 38, 39[.]"

On February 3, 1992, an order granting Coughlin's September 28, 1990 motion to compel was filed. The order indicates that the motion was heard "on October 3, 1990 at 8:30 a.m." and that Cataldo must respond to Coughlin's second request for production "except for Requests for Production Numbers 13, 14, 28, 30, 35, 36, 38 and 39."

8. The written order denying Coughlin's June 7, 1991 motion for default was filed on October 29, 1991. The court also awarded Coughlin her attorney's fees for the motion.

imposition of a discovery abuse sanction is reviewable on appeal for abuse of discretion. A trial court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party." *Azer v. The Courthouse Racquetball Corp.*, 9 Haw. App. 530, 539, 852 P.2d 75, 81, *reconsideration denied*, —— Haw. ——, 857 P.2d 600 (1993) (citations omitted).

■ Under HRCP Rule 37(b)(2)(C), "[t]he court in which the action is pending may make ... [a]n order ... dismissing the action or proceeding or any part thereof[.]"[9] Sanctions can be imposed under HRCP Rule 37(d) "[w]ithout first seeking an order compelling compliance[.]" 4A J. Moore, *Moore's Federal Practice* ¶ 37.05, at 37–114 (2d ed. 1995).

■ This court, in reviewing whether a circuit court's dismissal of a claim as a discovery sanction constitutes an abuse of discretion, will consider the following five factors: " '(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party moving for sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " *W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co.*, 8 Haw.App. 354, 362, 802 P.2d 1203, 1207 (1990) (quoting *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir.1988)).

■ The first two factors weigh in favor of the sanction. The complaint was filed on March 2, 1988, and trial was scheduled on December 2, 1991, which was less than six months after the June 21, 1991 dismissal of part of the counterclaim. Trial was eventually rescheduled for the week of July 20, 1992 by an Order Resetting Trial Date filed on March 20, 1992. The March 3, 1992 Order

dismissing the remaining claims in the counterclaim came four and a half months before the new trial date and almost four years after the complaint was filed. Additionally, Aloha consistently ignored the various orders requiring it to comply with Coughlin's discovery requests. Further motions urging them to comply would be useless and only clog up the court's docket.

■ The third factor involving prejudice to Coughlin requires an examination of Aloha's actions to determine whether it "impaired [Coughlin's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir.1987), *cert. denied sub nom. Malone v. Frank*, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988). The court's dismissal orders indicate that it was primarily concerned with Aloha's repeated failure to follow court orders requiring it to comply with Coughlin's discovery requests. Such conduct deprived Coughlin of information it needs to proceed to trial and constitutes a sizeable threat to the "rightful decision of the case." Thus, we conclude that Coughlin was prejudiced by Aloha's actions.

■ The fourth factor involves the public policy favoring resolution of cases based on their merits. Dismissal of a claim as a discovery sanction is clearly inapposite with this public policy, and we will only uphold a discovery sanction of dismissal if it is warranted by the record. *Azer*, 9 Haw.App. at 540, 852 P.2d at 81. "[I]n practice[,] the element of willfulness [is] required when the sanction was harsh (dismissal or default), but not required when some lesser sanction, such as assessment of expenses, was imposed." 4A Moore, *supra*, at 37–119. This element of willfulness is demonstrated if the record shows that the party against whom a dismissal sanction is sought has either "wrongfully failed to provide discovery[,]" *Richardson v. Sport Shinko (Waikiki Corp.)*, 76 Ha-

---

**9.** Aloha argues that the court violated HRCP Rule 41(b) by not making any findings in dismissing its counterclaim. This argument is without merit because only "[i]f the court renders judgment on the merits against the plaintiff, [then] the court shall make findings as provided in [HRCP] Rule 52(a)." HRCP Rule 41(b). Further, "[u]nless the court in its order for dismissal

otherwise specifies, ... *any dismissal is not provided for in this rule* [.]" *Id.* (emphasis added). Only "dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under [HRCP] Rule 19, operates as an adjudication upon the merits." *Id.* Clearly, the court's dismissal of the counterclaim under HRCP Rule 37(d) is not covered by HRCP Rule 41(b).

wai'i 494, 507, 880 P.2d 169, 182 (1994), or if "the record clearly shows delay or contumacious conduct[.]" *Azer*, 9 Haw.App. at 540, 852 P.2d at 81 (citations omitted). *See also Kahaluu Constr.*, 857 F.2d at 603 (indicating that dismissal is warranted when violations of discovery rules are " 'due to willfulness, bad faith, or fault of the party.' ") (quoting *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir.1983)). We therefore review the record to determine whether Aloha wrongfully failed to provide discovery or if the failure was due to delay or contumacious conduct.

■■■ Regarding the June 21, 1991 Order, Aloha argues that partial dismissal of its counterclaim "due to a one day delay in the deposition, was not warranted" because the delay was not willful, done in bad faith or due to their fault. A party's failure to attend a deposition after being properly notified is expressly subject to sanctions enumerated in HRCP Rule 37(b), including dismissal. Aloha was properly notified of the date of the deposition and appeared twenty-four hours late. There is nothing in the record to suggest that Aloha's failure to timely appear was due to inadvertence, negligence, or error. The June 21, 1991 Order required Aloha to "[p]ay reasonable fees and costs associated with [Cataldo's] failure to attend" the scheduled deposition. An order requiring the payment of fees and costs "caused by the failure" is allowed "[u]nless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." HRCP Rule 37(d). Implicit

in the court's June 21, 1991 Order awarding fees and costs is the finding that Aloha's failure to timely appear for the deposition was not justified. Although the deposition was only delayed twenty-four hours, this does not alter the fact that Aloha failed to appear at the scheduled time.

■■■ Aloha points to its objection towards the scope of the subpoena duces tecum as a basis for its failure to produce documents. However, HRCP Rule 37(d) provides that, "[t]he failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by [HRCP] Rule 26(c)." The record reveals that Aloha did not move for a protective order for the documents requested in the subpoena. Thus, it is clear from the record that Aloha wrongfully failed to appear at the deposition and its failure to produce documents was not excusable due to its inability to obtain the proper protective order.[10]

■■■ On the matter of the March 3, 1992 Order, Aloha maintains that it has complied with Coughlin's second request for production of documents. However, the court's repeated orders requiring Aloha to comply with the second request indicates otherwise. Aloha also asserted that the orders to compel were invalid because they were oral. However, the record indicates that Aloha was fully aware of the oral rulings, thus they are sufficient even though a written order is

---

**10.** During a January 22, 1991 hearing, Aloha asked the court to reconsider its partial dismissal of the counterclaim. The court refused to reconsider, referring to Cataldo's prior conduct as justification for the dismissal:

THE COURT: What part do you want me to reconsider?

[ALOHA]: I would like you to reconsider dismissing as a punitive sanction two counts of the counterclaim....

THE COURT: You guys [sic] they didn't produce anything?

[ALOHA]: We didn't produce the checks as indicated in our original response, Your Honor, on October 22nd. As far as we knew, everything else—

THE COURT: It's one small portion. He admitted maybe he didn't have this kind of information. Maybe she's a better archivist than he is. *There is more to it than that. That*

guys [sic] wasn't [sic] cooperating, period. That's why he got atom bombed.

[ALOHA]: That's correct. I understand the Court's intent on that. As I indicated, however, I think that the sanction is grossly excessive in relation to the conduct that was before the Court on that motion. The Court has sanctioned—

THE COURT: Not on the basis of this record....

[ALOHA]: The Court has sanctioned Mr. Cataldo on each earlier instance that had hurt.

THE COURT: That's why he got a track record, *Mr. Cataldo's willful noncompliance of the court order and failure to live up to the obligation* in the case and that is why, you know, to willfully dump the two counts in the counterclaim.... I will not reconsider.

(Emphases added.)

normally required. *Lothspeich v. Sam Fong*, 6 Haw.App. 118, 124, 711 P.2d 1310, 1315 (1985). Aloha's disregard of several court orders requiring it to produce the requested documents clearly deserves the sanction of dismissal.[11] Consequently, we hold that the dismissal of the counterclaim with prejudice was not error because the record clearly shows Aloha's willful violation of the discovery rules.

▆▆▆▆ "[T]he fifth factor concerns the consideration of less drastic available sanctions than a dismissal[.]" *W.H. Shipman*, 8 Haw.App. at 364, 802 P.2d at 1208. Generally, " '[t]he [circuit] court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions.' " *Malone*, 833 F.2d at 131 (quoting *United States v. National Medical Enter., Inc.*, 792 F.2d 906, 912 (9th Cir.1986)). Relevant to the determination of whether the court considered alternative sanctions are:

(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the [party] of the possibility of dismissal before actually ordering dismissal?

*Id.* at 132. Thus, a court is required to " 'consider less severe alternatives and discuss them if it elects to dismiss.' " *W.H. Shipman*, 8 Haw.App. at 364, 802 P.2d at 1208 (quoting *Kahaluu*, 857 F.2d at 604). However, "in exceptional cases, where it is clear that no other alternative would have

been reasonable, [the reviewing court] may affirm a dismissal . . . despite the absence of such a discussion." *Kahaluu*, 857 F.2d at 604. One such exceptional case is where a party has purposefully and defiantly violated a court order. *Malone*, 833 F.2d at 132.

▆▆▆▆ Aloha maintains that the court erred in not considering alternative sanctions and "all other factors that must be considered prior to dismissing a cause of action with prejudice." There is no indication in the record that the court discussed the possibility of dismissal with Aloha. However, we are compelled to find that this is one of those exceptional cases where such a discussion is not necessary. With regard to the first order, Aloha's failure to timely attend a scheduled deposition was not an isolated act but was indicative of its behavior during the discovery process. Prior to Coughlin's February 8, 1991 motion to dismiss, Aloha has already demonstrated its contentious attitude towards discovery by repeatedly forcing Coughlin to obtain orders compelling it to comply with discovery. *See supra* note 6. Aloha's attempt to excuse its failure to comply with the subpoena duces tecum through objections, without filing a protective order, demonstrates either an unfamiliarity with or a choice to ignore the provisions of the HRCP. This pattern continued with Aloha's obstinate refusal to comply with the second request for production, violating several court orders requiring it to produce the requested documents. Thus, the court's failure to discuss the sanction with Aloha prior to dismissing its counterclaim was not an abuse of discretion. *See Malone*, 833 F.2d at 132.

Based on our consideration of the above factors, we conclude that the circuit court did

---

11. In dismissing the remaining counts of the counterclaim, the court stated:

THE COURT: . . . I'm doing this. I'm dismissing Counts I and II. The burden should be now in [sic] Mr. Cataldo. If he feels that he submitted everything there is and he's complied completely with the order, [Aloha] can come back with a motion for recon.

But I'm not putting the further burden on Ms. Coughlin to have to keep shaking the tree with four or five court orders for information that she should have had a long time ago. Otherwise all we're doing is encouraging the further filing of these kinds of motions. I don't want to keep further filing of motions like this.

You know, you started out at the beginning saying, well, they have all been denied. I don't know how long you said, all these motions . . . dismissal with sanctions. But a motion has been granted with respect to production every single time. And following the tenets of the Appellate Court, you don't drop an atom bomb on the first violation, probably don't on the second, you may not on the third but on the fourth is time for the sanctions of default if there ever is going to be an order entered.

So I am doing it. . . .

not abuse its discretion in dismissing the counterclaim as a discovery sanction.

## CIVIL NO. 92–0061

### I. FACTS

On January 10, 1992, Aloha filed its first amended complaint (Complaint) against Coughlin, Aloha Holidays, Ltd., dba Paradise Party Planners. The Complaint alleged that Coughlin participated in the following activities against Aloha: embezzlement, breach of fiduciary duties, participation in a conspiracy, violation of civil racketeering laws, and engagement in unfair and deceptive trade practices. On January 22, 1992, Coughlin filed a motion to dismiss Aloha's Complaint with prejudice pursuant to HRCP Rule 12(b)(6), alleging that "the claims set forth in the Complaint ... raise identical issues based upon the same transaction as are alleged in Counts II and III of [Aloha's] Counterclaim in Civil No. 88–0642" and are barred by the doctrine of res judicata. Coughlin's motion to dismiss was initially denied for lack of a final judgment on the counterclaim. The order denying Coughlin's motion, filed on May 19, 1992, states, "[a]lthough the Court is convinced that the Dismissal of [Aloha's] Counterclaim in 88–0642 as a Discovery Sanction can be deemed final for purposes of res judicata, since there is no 54(b) certification with respect to the Dismissal, there is no final judgment as of now." Coughlin obtained an order certifying a final judgment on the counterclaim in Civil No. 88–0642 pursuant to HRCP Rule 54(b) on July 29, 1992. On the same day, the court entered an order granting rehearing on Coughlin's motion to dismiss the Complaint with prejudice and ordered the dismissal of the Complaint. Aloha timely filed its notice of appeal from

the order dismissing its Complaint on August 24, 1992.

## II. DISCUSSION

The order dismissing the Complaint is a final determination on the merits of the case and appeal can be taken directly from the order. *Security Pacific Mortgage Corp. v. Miller,* 71 Haw. 65, 69, 783 P.2d 855, 857, *reconsideration denied,* 71 Haw. 665, 833 P.2d 899 (1989).[12]

In deciding whether *res judicata* applies, three questions must be answered in the affirmative: "First, was the issue decided in the prior adjudication identical with the one presented in the action in question? Second, was there a final judgment on the merits? And third, was the party against whom the plea of *res judicata* is asserted a party or in privity with a party to the prior adjudication?"

*State v. Magoon,* 75 Haw. 164, 190–91, 858 P.2d 712, 725, *reconsideration denied,* 75 Haw. 580, 861 P.2d 735 (1993) (quoting *Morneau v. Stark Enter. Ltd.,* 56 Haw. 420, 424, 539 P.2d 472, 475 (1975)) (brackets and quotation marks omitted). On appeal, Aloha argues that the court erred in dismissing the Complaint under the *res judicata* doctrine because it raised issues and included parties that were not part of the dismissed counterclaim. We disagree.

Aloha's Complaint raised allegations substantively similar to claims found in its counterclaim. During the February 18, 1992 hearing on Coughlin's motion to dismiss, the court asked Aloha's counsel to give an example of a claim in the Complaint that was not in the dismissed counterclaim. Aloha's counsel described an allegation where Coughlin, while working for Aloha, used its funds to pay bills for her own corporation.[13]

---

**12.** A separate judgment was not filed; however, this occurred prior to the effective date of the separate judgment requirement. *See supra* note 1.

**13.** The exchange went as follows:
THE COURT: Well, I mean that's the point of [Coughlin's] motion. I mean, they're actually restated claims of the counterclaim....
[ALOHA]: That's correct, Your Honor. There's an example we listed in Paragraph 8 of the complaint, a billing from the corporate

defendant, Aloha Holidays, for a party given for the NCR Corporation, for ten thousand something dollars.
What happened in this was that Ms. Coughlin, as a sole shareholder of Aloha Holidays caused Aloha Unlimited to pay the vendors and then got the money from NCR Corporation. That was evidence that came to light from those boxes. That was something we did not have any knowledge or proof of earlier.
. . . .

It is well-settled that, "the doctrine of *res judicata*, '... precludes the relitigation, not only of the claims that were actually litigated in the first action, but also of all grounds of claim and defense that might have been properly litigated in the first action but were not litigated or decided.'" *Fuller v. Pacific Medical Collections, Inc.*, 78 Hawaiʻi 213, 220, 891 P.2d 300, 307 (App.1995) (quoting *Magoon*, 75 Haw. at 190, 858 P.2d at 725) (brackets in original omitted). The claim Aloha points to is clearly one that could have been properly litigated in the prior litigation.[14]

The issuance of the order certifying a final judgment pursuant to HRCP Rule 54(a) fulfills the second inquiry. To get around the third question, Aloha named Aloha Holidays, Ltd., dba Paradise Party Planners, in the Complaint and alleged that the additional party "was not in privity with [Coughlin]."

 Under the doctrine of *res judicata*, "[t]he concept of privity [is] ... 'merely a word used to say that the relationship between the one who is a party of record and another is close enough to include that other within the res ajudicata.'" *In re Dowsett Trust*, 7 Haw.App. 640, 646, 791 P.2d 398, 402 (1990) (quoting Comment, *Nonparties and Preclusion by Judgment: The Privity Rule Reconsidered*, 56 Cal.L.Rev. 1098, 1102 (1968)). Here, Aloha's own pleadings demonstrate the close relationship which exists among these parties. For example, Aloha, in its Counterclaim under Civil No. 88–0642 asserted that, "[D]uring COUGHLIN's employment with ALOHA [UNLIMITED], COUGHLIN created two (2) new businesses known as Paradise Party Planners, which was a sole proprietorship owned by COUGHLIN, and Aloha Holidays, Ltd., a [Hawaiʻi] corporation also owned by COUGHLIN." Under Civil No. 92–0061, Aloha in its Complaint alleged that, "[D]efendant ALOHA HOLIDAYS, LTD., dba PARADISE PARTY PLANNERS ... is ... a corporation organized and operating under the laws of the State of [Hawaiʻi] ... [and] Defendant COUGHLIN is, and at all times has been, the sole shareholder of [PARADISE PARTY PLANNERS]."

We conclude that *res judicata* applies and hold that the court did not err in dismissing Aloha's Complaint.

## CONCLUSION

Based on the foregoing, we affirm in Civil No. 88–0642: (1) the July 29, 1992 Order Granting Plaintiff Patricia Coughlin's Rule 54(b) Motion for Order of Certification Directing Entry of Final Judgment Dismissing Aloha Unlimited, Inc.'s Counterclaim Filed March 17, 1992; (2) the June 21, 1991 Order

THE COURT: Okay. So that's an example of a claim that was not in the counterclaim to begin with?

[ALOHA]: Yes, sir.

THE COURT: And derived from your review of the documents?

[ALOHA]: Yes.

THE COURT: That is against [Coughlin] as well as Aloha Holidays Limited?

[ALOHA]: That's correct.

THE COURT: Is that the only example?

[ALOHA]: That's the only example. I think we've—well, there's another one in Paragraph 10 for 43 thousand dollars involved in Allied Van Lines situation, same type of situation....

THE COURT: So in other words, [Coughlin's] working for Aloha Unlimited.

[ALOHA]: Yes, sir.

THE COURT: And she's paying claims with Aloha Unlimited's funds or bills of Aloha Holidays Limited, her corporation.

[ALOHA]: Yes, sir.

14. Count II of Aloha's Counterclaim in Civil No. 88–0642 alleged:

During COUGHLIN'S employment with ALOHA [UNLIMITED], COUGHLIN created two (2) new businesses known as Paradise Party Planners, which was a sole proprietorship owned by COUGHLIN, and Aloha Holidays, Ltd., a Hawaii [Hawaiʻi] corporation also owned by Coughlin.... The stated businesses ... placed them in direct competition with ALOHA [UNLIMITED].

... As an employee and officer of ALOHA [UNLIMITED], COUGHLIN owed a fiduciary duty and loyalty to ALOHA [UNLIMITED] which duty was breached by her creation of ... and the commencement of businesses of both entities.

....

... COUGHLIN ... also defrauded ALOHA [UNLIMITED] by failing to disclose a conflict of interest in arranging for a company owned by her ... to perform services for ALOHA [UNLIMITED] and to charge rates that were above competitive levels.

Granting in Part Plaintiff/Counterclaim Defendant Patricia Coughlin's Rule 37(d) Motion to Dismiss Counterclaim Filed Herein on 2/8/91; and (3) the March 3, 1992 Order Granting in Part and Denying in Part Plaintiff/Counterclaim Defendant Patricia Coughlin's Motion to Compel Discovery and/or for Sanctions Including Default Filed on October 9, 1991.

In Civil No. 92–0061, we affirm the July 29, 1992 Order Granting Motion for Rehearing of "Defendants' Motion to Dismiss Plaintiff's Complaint With Prejudice Pursuant to Rule 12(b)(6) of the Hawaii [Hawai'i] Rules of Civil Procedure, Filed on January 22, 1992 and Heard on February 18, 1992" which was filed March 17, 1992.[15]

**15.** The trial court ordered Aloha Unlimited's Complaint dismissed in the order.