958 P.2d 1136

Paz F. ABASTILLAS, Respondent–
Appellant,

v.

Benjamin Paul KEKONA and Tamae M.
Kekona, Petitioners–Appellees.

No. 20812.

Supreme Court of Hawai'i.

June 8, 1998.

Fred Benco, on the petition, for defendants-appellees-petitioners Benjamin Paul Kekona and Tamae M. Kekona.

Before MOON, C.J., and LEVINSON, NAKAYAMA and RAMIL, JJ., and AHU, Circuit Court Judge, in place of KLEIN, J., Recused.

LEVINSON, Justice.

The defendants-appellees-petitioners Benjamin Paul Kekona and Tamae M. Kekona (the Kekonas) applied for a writ of certiorari from the order of the Intermediate Court of Appeals (ICA) denying their motion for attorney's fees and reconsideration, filed subsequent to the ICA's summary disposition order in *Abastillas v. Kekona,* No. 20812, which affirmed the circuit court's judgment and order, both filed on June 5, 1997, which, in turn, (1) dismissed with prejudice all of the plaintiff-appellant-respondent Paz F. Abastillas's claims against the Kekonas, (2) ruled that Abastillas's lawsuit (a) "lack[ed] support by the facts and the law," (b) "was a waste of court time and judicial resources," and (c) "[a]s such, . . . was frivolous," and, therefore, (3) awarded the Kekonas $4907.40 in attorney's fees and costs pursuant to Hawai'i Revised Statutes (HRS) § 607–14.5 (1993).[1] The issue presented is whether an appellate court should award attorney's fees and costs to the prevailing appellee, pursuant to Hawai'i Rules of Appellate Procedure Rule (HRAP) 38 (1996),[2] where the appellate court has affirmed *in toto* the trial court's findings and conclusions that the appellant's lawsuit was frivolous, not reasonably supported by the facts or the law, and was a waste of court time and judicial resources. The Kekonas argue that, when a lawsuit is found to be

1. HRS § 607–14.5 provides:

   **Attorney's fees in civil actions.** (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees, in an amount to be determined by the court upon a specific finding that the party's claim or defense was frivolous.

   (b) In determining the award of attorneys' fees and the amounts to be awarded, the court must find in writing that all claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action.

2. HRAP Rule 38 provides that "[i]f a Hawai'i appellate court shall determine that an appeal decided by it was frivolous, it may award damages including reasonable attorneys' fees and costs to the appellee."

frivolous under HRS § 607–14.5, then *a fortiori* or *ipso facto* any appeal filed by the frivolous litigant that is affirmed *in toto* should result in full and complete sanctions under HRAP Rule 38. We granted certiorari in order to address their contention.

## I. BACKGROUND

On December 17, 1993, the Kekonas obtained a judgment, in the amount of $281,-250.00, against Abastillas on a cross-claim filed in the First Circuit Court in *Standard Management, Inc. v. Kekona,* Civil No. 89–3517–11.[3] Subsequently, the Kekonas discovered that Abastillas had a pending personal injury lawsuit that she had filed in 1992, captioned *Abastillas v. Furuya,* Civil No. 92–0139–01. Accordingly, on January 31, 1994, the Kekonas filed a motion for a judgment creditor's lien on any judgment or settlement that Abastillas might derive from that case.

Robert Smith, Abastillas's lawyer, "live-in boyfriend," and co-cross-claim judgment debtor in the *Standard Management* lawsuit, responded to the Kekonas' motion on Abastillas's behalf by filing a "Notice Of Assignment Of Claim And Proceeds Thereon And Notice Of Lien," to which was attached a document, entitled "Acknowledgment Of Indebtedness And Assignment Of Claim And Creation Of Lien," which purported to assign all of Abastillas's interest in the *Furuya* lawsuit to Smith. The document contained the following recitals:

> ... [I]n the *Standard Management, Inc. v. Kekona* litigation, the Kekonas recovered a substantial judgment against Kekonas [sic] and may seek to enforce such judgment by realizing on the assets and claims of [Abastillas];
>
> ... [Smith] is not willing to continue to render services and advance costs on behalf of [Abastillas] without the financial protection provided in this document; and
>
> ... [Abastillas] is willing to provide [Smith] with such protection because she

prefers paying and securing her indebtedness to him, in preference to the Kekonas. . . .

The "assignment" document recited that Abastillas had signed it on October 16, 1993—prior to the filing of the Kekonas' motion for a judgment creditor's lien; however, it was not filed in the circuit court until February 3, 1994 and was not alleged to have been filed at the Bureau of Conveyances until February 4, 1994.

The circuit court granted the Kekonas' motion by an order filed on March 28, 1994. Abastillas neither moved for reconsideration of nor appealed this order. Instead, Smith, on his own behalf, filed a separate lawsuit against the Kekonas, praying for a declaration that his interest in the *Furuya* proceeds was entitled to priority. Following a hearing on the Kekonas' motion to dismiss, the circuit court ruled as follows:

> I'm going to grant the motion. The attorney Smith, as a judgment debtor arising from the same action in which his wife[4] Abastillas became a judgment debtor with substantial amounts of money having been awarded against both may not as a matter of law sustain a claim that his alleged attorney's lien has priority over that of the judgment creditor in the same action. And with respect to a potential judgment or settlement in which Smith purports ... to act as legal counsel for wife [sic], Mr. Smith, you simply cannot be a bona fide transferee.

The written order dismissing Smith's lawsuit was filed on July 8, 1994. Smith did not appeal.

Next, Smith filed a lawsuit against the Kekonas' attorney, Fred Benco, alleging that Benco had libeled him in a letter transmitted in connection with his representation of the Kekonas. The circuit court granted Benco's motion for summary judgment on the basis of absolute immunity. Smith appealed, but the ICA affirmed by summary disposition order. *Smith v. Benco,* 85 Hawai'i 235, 941 P.2d 1296 (App.1997).

---

3. Abastillas appealed that judgment to the ICA and then, after the ICA affirmed it, applied for a writ of certiorari in this court. We denied Abastillas's application.

4. Abastillas's opening brief acknowledges that "Mr. Smith and Ms. Abastillas live together as husband and wife, although they are not married."

Subsequently, on Abastillas's behalf, Smith "worked out" a settlement agreement with the insurer of one of the *Furuya* defendants, Allstate Insurance Company (Allstate). According to the terms of the agreement, Allstate would deposit $35,000.00 into escrow. If the Kekonas obtained an affirmance of the judgment against Abastillas in the *Standard Management* lawsuit, the funds would be returned to Allstate; otherwise, they would be disbursed to Abastillas. The circuit court rejected the settlement agreement, ruling that: (1) its terms "indirectly if not directly are in violation of [the circuit court's previous] ruling [granting the Kekonas a lien on the settlement]"; and, in any case, (2) it represented an attempt to defeat creditors' rights. As a result of the circuit court's refusal to approve the agreement, Allstate declined to execute it.

During the pretrial conference conducted shortly before the trial against the *Furuya* defendants was scheduled to commence, Smith announced that "Plaintiff at this point elects not to proceed to trial; so Plaintiff will not be filing exhibit lists, witness lists, introductory statement and firm list which are due at 8:30 in the morning, or any other memo and documents which are called for in the Court's schedule." The attorneys for the *Furuya* defendants responded with a motion to dismiss the case. Over the Kekonas' objection, the circuit court granted the motion.

On April 5, 1995, the Kekonas filed suit against the *Furuya* defendants, their attorneys, and Abastillas. *Kekona v. Allstate Ins. Co.*, Civil No. 95–1200–04. The complaint asserted three causes of action—fraudulent conveyance, conspiracy to fraudulently convey, and racketeering—all stemming from the conduct of the parties and their attorneys in the *Furuya* lawsuit. Specifically, the Kekonas alleged that the parties to the *Furuya* action, together with their attorneys, had knowingly engineered the dismissal of that viable lawsuit in order to defraud the Kekonas of their lien. On May 1, 1995, the Kekonas dismissed their claims against Abastillas. Subsequently, on May 9, 1995, the Kekonas signed a settlement agreement releasing the remaining defendants in consideration of $45,000.00. Accordingly, a stipulated dismissal of the Kekonas' claims against the remaining defendants was filed on May 16, 1995.

Smith then demanded by letter to Benco that the $45,000.00 settlement operate as a credit with respect to the Kekonas' claims against Abastillas, by way of a *"pro tanto* satisfaction of judgment." When Benco refused, Abastillas filed a motion in the original *Standard Management* lawsuit (through counsel other than Smith), seeking an order declaring a partial satisfaction of judgment in the amount of $45,000.00. This motion was denied.

Finally, Abastillas filed the present lawsuit (again, through counsel other than Smith) on September 25, 1996. The complaint sought a declaration that Abastillas was entitled to a partial satisfaction of the judgment in the *Standard Management* lawsuit as a result of the Kekonas' settlement in the *Allstate* lawsuit. At the conclusion of a hearing on cross-motions for summary judgment, the circuit court orally granted summary judgment in favor of the Kekonas and further awarded the Kekonas costs and attorney's fees on the basis that Abastillas's claim was frivolous. The circuit court's final judgment in favor of the Kekonas and against Abastillas was filed on June 5, 1997.

Abastillas's appeal was assigned to the ICA. In her briefing, she argued that the circuit court had erred on the bases that: (1) the Kekonas had, for all practical purposes, obtained at least a partial satisfaction of their claims against Abastillas by way of their settlement with the *Furuya* defendants; and (2) awarding the Kekonas their costs and attorney's fees was improper because (a) Abastillas's lawsuit was not frivolous, and (b) the circuit court had failed to make the requisite findings on the record. In their answering brief, the Kekonas contended that Abastillas's appeal was frivolous and further requested assessment of attorney's fees and costs pursuant to HRAP Rule 38.

By summary disposition order, filed on April 9, 1998, the ICA affirmed the circuit court's final judgment in all respects, but did not expressly address the Kekonas' request for costs and attorney's fees on appeal. On April 20, 1998, the Kekonas filed a "motion

for fees/motion for reconsideration" in the ICA, requesting attorney's fees in the amount of $4176.00 and costs in the amount of $77.25; the motion was denied. The Kekonas then filed their application for a writ of certiorari, urging that, on the face of the present record, the ICA had abused its discretion in failing to award attorney's fees and costs in favor of the Kekonas and against Abastillas.

## II. *STANDARD OF REVIEW*

"This court 'review[s] the ... denial and granting of attorney's fees under the abuse of discretion standard.'" *Eastman v. McGowan*, 86 Hawai'i 21, 27, 946 P.2d 1317, 1323 (1997) (quoting *Weinberg v. Mauch*, 78 Hawai'i 40, 52–53, 890 P.2d 277, 289–90, *reconsideration denied*, 78 Hawai'i 421, 895 P.2d 172 (1995)). "A ... court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party." *Kawamata Farms, Inc. v. United Agri Products*, 86 Hawai'i 214, 241, 948 P.2d 1055, 1082 (1997) (quoting *Aloha Unlimited, Inc. v. Coughlin*, 79 Hawai'i 527, 533, 904 P.2d 541, 547 (App.1995) (citation and internal quotation marks omitted)).

## III. *DISCUSSION*

It is unnecessary for us to determine, *de novo,* whether Abastillas's lawsuit was frivolous. The circuit court so ruled, and that ruling was affirmed by the ICA in its summary disposition order. Inasmuch as the lawsuit was frivolous, it follows logically that the subsequent appeal was also frivolous. *See Mestayer v. Wisconsin Physicians Serv. Ins. Corp.,* 905 F.2d 1077, 1081 (7th Cir.1990) ("An appeal may be frivolous when it merely restates arguments that the [trial] court properly rejected ... [or that] were so groundless as to be held sanctionable by the [trial] court." (Citations and internal quotation marks omitted.))

"We are mindful of the argument that [allowing] the assessment of attorneys' fees may have a chilling effect in deterring the filing of law suits based on innovative theories or to modify, extend, or reverse existing law." *Coll v. McCarthy,* 72 Haw. 20, 33, 804 P.2d 881, 889 (1991). Accordingly, we are reluctant to adopt a rule that accords the appellate courts no discretionary leeway in the assessment of attorney's fees pursuant to the provisions of HRAP Rule 38. However,

[a]wards of attorneys' fees induce people to reconsider and ensure that refusals to surrender do not burden the innocent. They also protect the courts—and derivatively parties in other cases—from impositions on their time.... The court has an interest in the orderly conduct of business, an interest independent of the [opposing party]....

*Weinstein v. University of Illinois,* 811 F.2d 1091, 1098 (7th Cir.1987) (citation omitted). This is particularly true where, as here, the appellant has engaged in a pattern of frivolous and vexatious litigation. Therefore, we hold, on the record before us, that the ICA abused its discretion in failing to award the Kekonas reasonable costs and attorney's fees.

## VI. *CONCLUSION*

For the foregoing reasons, we vacate the ICA's order denying the Kekonas' motion for costs and attorney's fees on appeal and remand this matter to the ICA for determination of reasonable costs and attorney's fees and entry of an order assessing such costs and attorney's fees in favor of the Kekonas and against Abastillas.