# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 4, 2016

## JEREMY DAVID PARVIN v. JACKIE LADEAN NEWMAN

**Appeal from the Circuit Court for Hamilton County**
**No. 15C-849 L. Marie Williams, Judge**

_____

**No. E2016-00549-COA-R3-CV – Filed December 9, 2016**

_____

ANDY D. BENNETT, J., dissenting in part.

I fully concur in the majority's opinion with one exception—I would grant Wife's request for attorney's fees on appeal. I respectfully dissent on this one issue.

This Court, in the majority opinion, upheld the trial court's finding of "no basis" for Husband's interpretation of the divorce settlement agreement and the trial court's determination that Tenn. R. Civ. P. 11 sanctions were appropriate.[1] Tennessee Code Annotated section 27-1-122 states:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Thus, this Court has its own power to provide sanctions for a frivolous appeal. "A frivolous appeal is one that is 'devoid of merit such that it had no reasonable chance of succeeding.'" *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 341 (Tenn. 2010) (quoting *Clark v. Nashville Mach. Elevator Co.*, 129 S.W.3d 42, 50 n.4 (Tenn. 2004)). In a case upholding a trial court's determination that sanctions under Hawaii's version of Rule 11 were appropriate, the Hawaii Supreme Court observed, "where the circuit court ruled that a lawsuit was frivolous, 'it follows logically that the subsequent appeal was also frivolous.'" *Gold v. Harrison*, 962 P.2d 353, 366 (Haw. 1998) (quoting *Abastillas v.*

---

[1] As the majority opinion states on page 24, "Husband has not raised an issue regarding the reasonableness of the amount of attorney's fees and expenses assessed by the trial court." Had Husband raised this issue, I might view the appeal differently.

*Kekona*, 958 P.2d 1136 (Haw. 1998)).

In Tennessee, Rule 11 sanctions are proper "when an attorney submits a motion or other paper on grounds which he knows or should know are without merit, and a showing of subjective bad faith is not required." *Hooker v. Sundquist*, 107 S.W.3d 532, 536 (Tenn. Ct. App. 2002) (quoting *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 765 (Tenn. Ct. App. 2001)). The majority has held that Rule 11 applies. It follows that the appeal was "devoid of merit" as well and, therefore, in my opinion, Wife should be awarded her attorney's fees for the appeal.

_____
ANDY D. BENNETT, JUDGE