**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000575**
**23-APR-2026**
**11:07 AM**
**Dkt. 149 AMORD**

NO. CAAP-23-0000575

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ANDREW KINGMAN, Individually, Plaintiff-Appellant,
v.
ATLANTIS SUBMARINES HAWAII, LLC, a Delaware
Limited Liability Company, Defendant-Appellee,
and
DOE DEFENDANTS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0001561)

### AMENDED SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, McCullen and Guidry, JJ.)

Plaintiff-Appellant Andrew Kingman (**Kingman**) appeals from the Final Judgment entered on September 18, 2023 by the Circuit Court of the First Circuit[1] (**circuit court**). The Final Judgment was entered in favor of Defendant-Appellee Atlantis Submarines Hawaii, LLC (**Atlantis**).

---

[1] The Honorable John M. Tonaki presided.

In the underlying case, Kingman filed his operative First Amended Complaint (**Amended Complaint**) in May 2021, which asserted various claims related to injuries that Kingman allegedly sustained while performing repair work on an Atlantis ocean vessel.

A discovery dispute arose over conducting Kingman's deposition. The discovery deadline was March 23, 2023.

Atlantis represented that, between December 6, 2022 and January 12, 2023, it attempted to schedule Kingman's deposition. On January 17, 2023, Atlantis noticed Kingman's deposition for January 26, 2023. On January 20, 2023 Kingman notified Atlantis that he would not appear. Atlantis attempted to secure an alternative date, but Kingman did not respond. Atlantis filed "[Atlantis' Motion to Compel Deposition of [Kingman]" (**Motion to Compel**) on February 2, 2023.[2]

The circuit court sanctioned Kingman for his non-cooperation with Atlantis' requests to depose him. In March

---

[2] We note that "[Kingman's] Memorandum in Opposition to [Atlantis'] Motion to Compel Deposition of [Kingman] Filed February 2, 2023 [Dkt 147]" made representations indicating Kingman resided in Texas: "Plaintiff's inability to travel to Hawaiʻi in the past five weeks"; "planning travel from Texas to Hawaiʻi takes time"; "Plaintiff was not available to travel to Hawaiʻi on the date unilaterally noticed"; "Plaintiff and counsel's inability to immediately travel to Hawaiʻi are not grounds for expenses under HRCP"; "Defendant has refused to reasonably accommodate Plaintiff who resides thousands of miles from the noticed law office in Honolulu"; and "Plaintiff only requests reasonable time to plan a trip to Hawaiʻi."

During the hearing on the Motion to Compel, Atlantis asked for confirmation that Kingman lives in Texas. Kingman's counsel represented that Kingman still lives in Hawaiʻi, and it is counsel that must travel.

2023, the circuit court entered its "Order Granting [Atlantis'] Motion to Compel Deposition of [Kingman] Filed February 2, 2023 [Dkt. No. 147]" (**Order Compelling Deposition**), which ordered Kingman "to appear for his oral deposition, in person, at the Honolulu, Hawaii offices of [Atlantis'] counsel."  The circuit court extended the March 23, 2023 discovery deadline "for the sole purpose of allowing [Kingman's] oral deposition . . . to be completed by [Atlantis]," and awarded Atlantis "reasonable expenses incurred in making the [Motion to Compel]."

It appears uncontested that the parties agreed to conduct Kingman's deposition on April 7, 2023, at 10:00 a.m. in Honolulu.  At 6:27 p.m. on the evening prior, Kingman's counsel emailed Atlantis stating that the deposition had to be rescheduled "due to unforeseen circumstances."  When Atlantis asked for an explanation, Kingman's counsel stated that Kingman "was not able to make it to the depo, as explained."

On April 10, 2023, Atlantis filed "[Atlantis' Motion for Terminating Sanctions for [Kingman's] Failure to Appear for Deposition as Ordered by the [circuit court]" (**Motion to Terminate**).  At the May 2, 2023 hearing on the Motion to Terminate, Kingman's counsel represented that they were unable to contact Kingman the day before the scheduled deposition, i.e., "[w]e simply could not get ahold of him" and "[w]e just didn't know what the circumstances were."  The circuit court

noted that Kingman's counsel sent a letter to the circuit court saying "this nonappearance was due to a conflict."

In June 2023, the circuit court entered its "Order Granting in Part and Denying in Part [Atlantis'] Motion for Terminating Sanctions for [Kingman's] Failure to Appear for Deposition as Ordered by the [circuit court] Filed April 10, 2023 [Dkt. No. 243]" (**Sanctions Order**), which sanctioned Kingman as follows,

> 1. The [circuit court] finds that pursuant to the [Order Compelling Deposition], [Kingman] and his counsel should have known that [Kingman] was required to appear for his deposition unless his appearance was impossible due to grave circumstances.  Based on the record, there were no circumstances that would have prevented [Kingman's] appearance for his deposition.
>
> 2. The Motion [to Terminate] is granted and pursuant to Rule 37(b)(2)(B) of the Hawaii Rules of Civil Procedure [(**HRCP**)], **the [circuit court] prohibits [Kingman] from introducing any evidence originating with him**, including:
>
>     a.    Testimony from [Kingman].
>     b.    Any expert opinion based on statements by [Kingman].
>     c.    Any exhibit which requires foundation to be laid by [Kingman].
>     d.    Any exhibit which otherwise originates from [Kingman].
>
> 3. The Motion [to Terminate] is denied as to [Atlantis'] request for terminating sanctions.

(Emphasis added.)

Other discovery disputes between the parties led to the entry of additional orders.  In April 2023, the circuit court partially granted "[Atlantis'] Motion to Exclude Witnesses Identified in [Kingman's] Final Naming of Witnesses Filed January 21, 2023 [Dkt. No. 127] and All Expert Witnesses

4

Identified in [Kingman's] Disclosure of Expert Witnesses Made on February 6, 2023 [Dkt No. 149] Filed March 1, 2023 [Dkt. No. 155]," excluding four of the five expert witnesses that Kingman had identified for the first time in his February 2023 expert witness disclosures, and who had not produced expert reports. In July 2023, the circuit court granted "[Atlantis'] Motion for Leave to Identify Additional Non-Expert Witnesses Filed May 23, 2023 [Dkt. No. 338]" (**Motion to Add Witnesses**) whose identity Atlantis had previously declined to disclose on the basis of attorney work product privilege.

The circuit court granted summary judgment in favor of Atlantis on all of Kingman's claims. In its June 9, 2023 "Order Granting in Part and Denying in Part [Atlantis'] Motion for Partial Summary Judgment or Alternatively, to Preclude Evidence Not Disclosed by the Discovery Deadline Filed March 30, 2023 [Dkt. No. 227]," the circuit court granted partial summary judgment in favor of Atlantis on Kingman's claims for maintenance and cure, and for punitive damages as to the Jones Act, unseaworthiness, and maintenance and cure claims. In its August 14, 2023 "Order Granting [Atlantis'] Motion for Summary Judgment Filed June 25, 2023 [Dkt. No. 513]," the circuit court disposed of Kingman's remaining claims.

Kingman asserts three points of error on appeal, contending that the circuit court abused its discretion by

granting Atlantis' motions: (1) "for terminating sanctions after [Kingman] failed to appear at a deposition because of an inadvertent scheduling error"; (2) "to untimely designate five surveillance witnesses, whom it had long known about, based on 'work-product privilege'"; and (3) "to exclude [Kingman's] four damages experts based on his purported failure to provide expert reports, which—although not required—resulted from Atlantis'[] wrongfully withholding of discovery."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kingman's points of error as follows:

(1) Kingman challenges the circuit court's Sanctions Order. We review the circuit court's imposition of sanctions for abuse of discretion. Aloha Unlimited, Inc. v. Coughlin, 79 Hawaiʻi 527, 532, 904 P.2d 541, 546 (App. 1995) ("The circuit court is given broad discretion in determining the sanctions to be imposed pursuant to HRCP Rule 37(b)(2)." (cleaned up)).

Kingman contends that the sanctions on Kingman "amounted to default sanctions," because they precluded Kingman from introducing evidence necessary to establish the cause of his alleged injuries and, in so doing, "directly led to [the circuit court's] . . . erroneous grant of summary judgment against [Kingman] on all claims."

HRCP Rule 37(b)(2)(C) grants the circuit court authority to impose default or terminating sanctions -- i.e., by entering an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."  That provision is not applicable here.  The Sanctions Order expressly stated that the circuit court was imposing sanctions pursuant to HRCP Rule 37(b)(2)(B), which authorizes the circuit court to issue "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing designated matters in evidence."

The Sanctions Order also expressly denied "[Atlantis'] request for terminating sanctions."  As the circuit court explained at the May 2, 2023 hearing on the Motion to Terminate, it was not dismissing Kingman's case but, rather, was imposing a limitation on Kingman's introduction of evidence:

> [T]he [circuit court] has spent an excessive amount of time on discovery motions and disputes in this case.  The fact that the deposition of [Kingman] was ordered pursuant to the [circuit court's Order Compelling Deposition], [Kingman] and counsel should have known, by the [circuit court's Order Compelling Deposition], that he needed to appear for the deposition unless appearance was impossible due to grave circumstances.  And, obviously, that doesn't appear on the record, any circumstances that would have prevented his appearance.
>
> So the [circuit court] is going to -- **[circuit court] will not dismiss the case, but will, pursuant to Rule 37(b)(2)(A)--(b)(2)(B), will issue an order prohibiting [Kingman] from introducing certain designated matters into evidence.**
>
> And this is -- these designated matters are: Will prohibit [Kingman] from introducing any evidence originating with him.  So that includes testimony from him.

> It includes any expert opinions based on statements by [Kingman], exhibits which require foundation to be laid by [Kingman], and exhibits which otherwise originate from him.

(Emphasis added.)

The parties continued to vigorously litigate the case after the Sanctions Order was issued. Kingman asserted, in "[Kingman's] Memorandum in Opposition to [Atlantis'] Motion for Summary Judgment Filed June 25, 2023 [Dkt. No. 511]," that "even without [Kingman's] testimony, . . . multiple witnesses, documents and records establish" Kingman's claims. Kingman represented that he "is not the only source of evidence for the November 11, 2019 incident." Kingman further represented that he "is not the only source of evidence that the incident caused his injuries." It was therefore Kingman's position on summary judgment that, notwithstanding the bar on evidence "originating with him," he could nevertheless prove his case at trial. Kingman cannot retreat from this position in order to re-characterize the Sanctions Order as "directly [leading] to . . . summary judgment."

We therefore conclude that the circuit court did not abuse its discretion by entering the Sanctions Order.

(2) Kingman contends that the circuit court abused its discretion by allowing Atlantis' untimely designation of five surveillance witnesses, on the basis of Atlantis' assertion of work product privilege. We review Kingman's contention for abuse of discretion. Anastasi v. Fidelity Nat. Title Ins. Co.,

137 Hawaiʻi 104, 111, 366 P.3d 160, 167 (2016) ("[T]he extent to which discovery is permitted under [HRCP] Rule 26 is subject to considerable latitude and the discretion of the trial court. Thus, the exercise of such discretion will not be disturbed in the absence of a clear abuse of discretion that results in substantial prejudice to a party." (citation omitted)).

The record reflects that Kingman requested the production of documents relating to evidence of surveillance on Kingman in November 2021. Atlantis responded to Kingman's request in July 2022 by not disclosing the requested information on the basis of attorney work product privilege. Six weeks prior to the assigned trial date of July 3, 2023, Atlantis produced the surveillance videos on Kingman, and filed its Motion to Add Witnesses.

The record does not support the circuit court's finding that Atlantis' late-produced surveillance evidence was privileged pursuant to the attorney work product doctrine. There is no declaration from Atlantis' counsel or other evidence to establish that the surveillance evidence, which was ultimately disclosed to Kingman, was prepared in anticipation of trial and would not have been created in substantially similar form but for the prospect of litigation. Anastasi, 137 Hawaiʻi at 113-14, 366 P.3d at 169-70.

Nevertheless, it was within the discretion of the circuit court to permit the late identification of the surveillance witnesses, and Kingman fails to demonstrate an abuse of discretion. The HRCP "reflect a basic philosophy that a party to a civil action should be entitled to the disclosure of all information in the possession of another person prior to trial, unless the information is privileged." Haw. Police Dep't. v. Kubota, 155 Hawaiʻi 136, 154, 557 P.3d 865, 883 (2024) (citation omitted). "[A] trial court has broad discretionary powers to balance discovery interests and protect confidential information." Id.

The circuit court has broad discretion over the timing of evidence production pursuant to HRCP Rule 26(d) (2015).[3] Here, Atlantis represented to the circuit court that, in order to preserve the impeachment value of the surveillance evidence, it moved to introduce the surveillance evidence only after the Sanctions Order eliminated the need to depose Kingman. It appears that Atlantis produced the surveillance evidence on May 23, 2023, approximately six weeks prior to the calendared

---

[3] HRCP Rule 26 was amended effective January 1, 2022. Because Kingman's Complaint was filed prior to January 1, 2022, the pre-January 1, 2022 version of HRCP Rule 26 applies. The pre-January 1, 2022 version of HRCP Rule 26(d), Sequence and Timing of Discovery, provided that: "Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery."

trial date, which gave Kingman sufficient time to review the evidence in preparation for trial. Kingman does not identify any prejudice that resulted to him by the late disclosure of the surveillance evidence and naming of the witnesses. On this basis, we conclude that the circuit court did not abuse its discretion in allowing Atlantis to designate the five surveillance witnesses.

(3) Kingman contends that the circuit court abused its discretion by excluding his four damages experts[4] based on his failure to produce expert reports, which HRCP Rule 26(b)(5) (Trial Preparation: Experts) does not require. Kingman further contends that he was unable to provide the reports because Atlantis wrongfully withheld discovery.

Kingman's contentions lack merit. Kingman was obligated to provide written reports from his experts pursuant to the express requirements of the circuit court's trial setting conference orders, and the parties' stipulation. The circuit court's October 14, 2021 and April 28, 2022 trial setting conference orders set a deadline for the parties' exchange of expert reports. The parties' December 20, 2022 "Stipulation to

---

[4]    Atlantis moved for the exclusion of five expert witnesses identified in Kingman's February 6, 2023 expert witness disclosures: four experts who would purportedly testify as to damages (Harold Asher, Jeffrey E. Meyers, Todd Cowen, M.D., and William L. Davenport), and a fifth expert who would purportedly testify as to liability (Michael Lesback). The circuit court excluded the damages experts, but ordered that Kingman's liability expert would be allowed to testify, conditioned upon submission of Mr. Lesback's report within ten days of the entry of the court's order.

Extend Expert Report Disclosure Deadlines" provided "that the respective expert report disclosure deadlines in the above-captioned matter are extended to February 6, 2023 for [Kingman] and to March 8, 2023 for [Atlantis]."

Moreover, Atlantis' alleged withholding of discovery did not interfere with Kingman's ability to produce the damages experts' reports. As the circuit court correctly determined, "the issue of damages or the factual background for the damages experts would have been solely in the knowledge and possession of [Kingman] himself."

We conclude that the circuit court did not abuse its discretion by excluding Kingman's four damages experts.

For the foregoing reasons, we affirm the circuit court's Final Judgment. Pursuant to Hawaiʻi Rules of Appellate Procedure Rule 34(c), Kingman's February 6, 2026 Motion for Retention of Oral Argument is denied.

DATED: Honolulu, Hawaiʻi, April 23, 2026.

On the briefs:

Randall C. Whattoff,
for Plaintiff-Appellant.

Normand R. Lezy,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge