USCA1 Opinion

 

 December 13, 1995 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1552 GEO. P. REINTJES, CO., INC., Plaintiff, Appellant, v. RILEY STOKER CORPORATION, Defendant, Appellee. ____________________ ERRATA SHEET ERRATA SHEET The opinion of this Court issued on December 7, 1995, is amended as follows: On page 2, first paragraph, line 12, change "Reintjes'" to "Riley Stoker's." UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-1552 GEO. P. REINTJES CO., INC., Plaintiff, Appellant, v. RILEY STOKER CORPORATION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Aldrich and Coffin, Senior Circuit Judges. _____________________ ____________________ Duane J. Fox with whom Gregory S. Gertstner, Seigfreid, Bingham, ____________ ____________________ ___________________ Levy, Selzer & Gee, Edmund C. Case, Roger Lane and Testa, Hurwitz & ___________________ _______________ __________ ________________ Thibeault were on brief for appellant. _________ David P. Grossi with whom Barry A. Bachrach and Bowditch & Dewey _______________ _________________ ________________ were on brief for appellee. ____________________ December 7, 1995 ____________________ ALDRICH, Senior Circuit Judge. This is another _____________________ case seeking, inter alia, to attribute to M.G.L. c. 93A, ___________ 2(a) and 11 (1988 ed.), the universal capacity of a Swiss army jack-knife. Briefly, plaintiff Geo. P. Reintjes Co., Inc. of Kansas City, Missouri, and defendant Riley Stoker Corp. of Worcester, Massachusetts, found themselves faced with the question of who must bear a loss due to the inappropriateness of A.P. Green furnace lining material, obtained and installed by Reintjes in boilers supplied by Riley Stoker to a third party. The answer depended on whether Reintjes' warranty to Riley Stoker included the material's design. The parties resorted to arbitration and the arbitrator credited Riley Stoker's employees, who testified, in its favor, that it was so understood. The arbitrator's findings were confirmed by the United States District Court for the District of Massachusetts and Riley Stoker obtained a judgment in the amount of $989,119. The parties agreed to settle the judgment for $950,000 which, in due course, was done. Some two years later Reintjes learned, through the accident of its counsel in the arbitration case being engaged in entirely independent litigation with Riley Stoker, that Riley Stoker employees may have committed perjury in the Reintjes arbitration proceeding. Reintjes then filed this action claiming Riley Stoker's failure to disclose the -3- alleged fraud during settlement negotiations, that led to Reintjes paying a substantial sum, amounted to a common law misrepresentation and, more, was an "unfair or deceptive act . . . in the conduct of . . . trade or commerce" under M.G.L. c. 93A, 2(a), entitling Reintjes to damages. According to Reintjes, its present suit rests not on the original cause of action, but on the independent allegation of fraud in procurement of the settlement agreement. The district court initially took the view that Reintjes' claims arising from procurement of the settlement agreement were cognizable independently of the judgment, but later, on Riley Stoker's motion, undertook to reconsider. Reintjes thereupon moved for leave to file an amended complaint to set aside the judgment. This was denied on the grounds that Reintjes did not state a claim for relief from the judgment in the absence of a showing that fraud upon the court had occurred. The court then granted Riley Stoker's motion to dismiss Reintjes' common law and state claims because they could not lie unless relief from the prior judgment was obtained. We affirm. I. __ Reintjes first asserts that the court erred in ruling its fraud and chapter 93A claims barred by the prior judgment. Reintjes states that "failure to disclose any fact which would influence a person not to enter into a -4- transaction is a violation of chapter 93A;" that this statute therefore "imposed upon Riley Stoker an affirmative duty _________________ (sic) to disclose, during procurement of the settlement agreement, that the award was obtained through perjured testimony," and that Reintjes relied on the non-disclosure in entering into the settlement agreement. Our assent to such a contention would amount to a rule, in Massachusetts at least, that attached to every federal judgment affecting commercial matters is an inherent condition that it must be proved correct, or it cannot be relied upon, for there is an "affirmative duty" to disclose if it is faulty. Reintjes concludes that Rule 60, which prescribes the exclusive methods by which federal judgments may be attacked, "cannot curtail" its state and common law claims, citing 28 U.S.C.A. 2072(b) to the effect that Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right." With due respect, it is inconceivable that the finality of otherwise valid federal judgments is dependent upon their validity under state law. Reintjes cites no authority. We summarily affirm the district court's ruling that Reintjes' only route to relief from the settlement and underlying judgment is through application of Federal Rule of Civil Procedure Rule 60(b). To this we turn. II. ___ -5- Reintjes claims the court erred in ruling that it was unable to state a claim for relief from judgment because its allegations did not amount to a fraud upon the court, or, alternatively, that Rule 60(b) does not require it to show fraud upon the court and that its allegations state a cognizable basis for relief under the Rule. It contends Riley's witnesses engaged in a concerted effort to present perjured testimony during the arbitration hearing regarding the central issue in the case, namely, whether Reintjes had assumed design warranty for the boiler linings. These charges stem from Reintjes' discovery, some two years after entry of judgment against it, of materials1 indicating Riley's witnesses may have perjured themselves. Rule 60(b) permits relief from final judgment for, inter alia, __________ (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . Fed.R.Civ.P. 60(b). The Rule requires that motions pursuant to the above grounds "shall be made within a reasonable time, and . . . not more than one year after the judgment, order,  ____________________ 1. Letters and notes of a third-party participant in a pivotal meeting between the parties, about which both had testified. -6- or proceeding was entered or taken." Id. At the same time, ___ the Rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, . . . or to set aside a judgment for fraud upon the court. Id. ___ Our initial reaction is that, despite the apparent openness of this final provision, where the body of the Rule contains an explicit time limitation for motions invoking specified grounds for relief, it would make no sense to apply the final general provision, containing no limit of time, so broadly as to cover all the grounds for which the time limit is expressly stated. Since Reintjes' claims would appear to fall exactly under sections (2) and (3) of the Rule, but materialized too late to file in a motion to the judgment court,2 it should not now be able to elect to proceed under the unlimited clause without some additional ground or reason. Historically, however, this may be too easy an answer. In view of the curtness of the Rule's final clause, and a modicum of disagreement in the circuits, we will examine its origins.  ____________________ 2. Reintjes did file such a motion to the judgment court (Young, J.), however, it was summarily denied, presumably because it was filed more than one year after entry of the judgment. Fed.R.Civ.P. 60(b)(3). No appeal was filed. -7- Prior to the adoption of the Federal Rules of Civil Procedure the general rule was that application for relief from judgment on account of fraud could be made to the presiding court before expiration of the term in which final judgment was entered. Bronson v. Schulten, 104 U.S. 410, 415 _______ ________ (1882). See also Glass, et al. v. Excelsior Foundry Co., 56 ___ ____ _____________ _____________________ F.3d 844, 848 (7th Cir. 1995). However, efforts to balance the value of finality against aversion to condoning abuse of the judicial apparatus led courts sitting in equity to recognize an exception for a narrow category of fraud "extrinsic," or collateral, to the original action. On the other hand, intrinsic fraud, such as perjury relating to an issue actually decided, could not form the basis for untimely relief. United States v. Throckmorton, 98 U.S. 61, 66, 68 _____________ ____________ (1878) (judgment confirming certain land claims based on falsified land grant could not be set aside 18 years later on claim of fraud because validity of grant was the issue tried). The Throckmorton rule that fraud claimed in the ____________ matter tried cannot form the basis for an untimely request for relief from final judgment was refined in Hazel-Atlas ___________ Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).3 An _________ ____________________  ____________________ 3. This case avoided the extrinsic/intrinsic labels. Some have long found the distinction dubious, dubbing it "clouded and confused," 11 Wright, Miller & Kane, Federal Practice and ____________________ Procedure, 2868, p. 401 (1995 ed.), and "at times . . . a _________ journey into futility." Moore & Rogers, Federal Relief from -8- attorney for Hartford had contrived to have an encomium for its patent claim published in a trade journal under the by- line of a disinterested expert, which was then presented in evidence. Hartford lost at trial, but its attorneys paraded the article before a panel of the court of appeals, which then reversed and entered judgment in Hartford's favor, supporting its opinion with quotation from the spurious publication. Id. at 240-42. Nine years later Hazel-Atlas ___ instigated an action to undo the judgment based on newly obtained evidence of Hartford's caper. The Supreme Court directed that judgment for Hartford be set aside and the district court's original order denying relief to Hartford be reinstated. Id. at 251. The Court emphasized the old ___ English rule that, "under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry," id. at 244, ___ was to be applied cautiously, i.e., only "in certain instances . . . deemed sufficiently gross to demand a departure from rigid adherence" to finality. Id. The Court ___ justified its application in Hazel-Atlas Glass by ___________________ distinguishing this situation from a case where after- discovered evidence indicates merely that a witness may have perjured himself, id. at 245, from cases concerning only ___ private parties, id. at 246, and from cases resulting in ___  ____________________ Civil Judgments, 55 Yale L.J. 623, 658 (1946). -9- injury merely to a single litigant (deeming fraud perpetrated to obtain a favorable patent ruling "a wrong against the institutions set up to protect and safeguard the public"). Id. And, Hartford's was "a deliberately planned and ___ carefully executed scheme" by an attorney "to defraud not only the Patent Office but the Circuit Court of Appeals." Id. at 245-46. In fact, it reached all persons affected by ___ the patent. Hazel-Atlas Glass thus expanded the range of the __________________ fraud exception for untimely requests for relief delineated in Throckmorton to include fraud committed by "officers of ____________ the court." See Moore, 7 Federal Practice, 60.33, p. 60- ___ ________________ 359 (1995). It carries forward the well-established understanding that this exception never included garden- variety fraud: This is not simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury. Hazel-Atlas Glass, 322 U.S. at 245. _________________ In 1946 Congress adopted the current version of Rule 60(b) which specifies fraud, "whether heretofore denominated extrinsic or intrinsic," Fed.R.Civ.P. 60(b)(3), as an explicit ground for a motion for relief and subjects it, like several other grounds specified, to a one year limitation. The Rule preserves judicial power to grant -10- relief in an independent action "insofar as established doctrine permits,"4 and "expressly does not limit the power of the court, when fraud has been perpetrated upon it, to give relief under the saving clause." Fed.R.Civ.P. 60, Notes of Advisory Committee on Rules, 1946 Amendment, Note to Subdivision (b) (hereinafter "Advisory Committee Notes"). Other than specifying "fraud upon the court,"5 however, the Rule "makes no attempt to state the bases for the independent action." Moore, 7 Federal Practice,  _________________ 60.37[2]. Rather, it leaves this substantive determination to established principles, id., "which have heretofore been ___ applied in such an action." Advisory Committee Notes. See ___ Indian Head Nat. Bank of Nashua v. Brunelle, 689 F.2d 245, _________________________________ ________ 248-49 (1st Cir. 1982) (as Advisory Committee Notes indicate, "the Rule expressly preserves independent equitable actions" available "prior to the Rule's enactment"). We find that Congress incorporated into Rule 60(b) pre-existing judicial principles governing untimely requests for equitable relief  ____________________ 4. The Rule as originally adopted did not specify fraud as a ground for relief, but did contain a saving clause that left courts free to continue to exercise their inherent power to grant relief from judgments where established doctrine warranted. Fed.R.Civ.P. 60(b) (1937), 28 U.S.C.A. 723(c) (West 1941). See, e.g., Central Hanover Bank & Trust Co. v. ___ ____ ________________________________ Wardman Real Est. Prop., 31 F.Supp. 685 (D.D.C. 1940). _______________________ 5. In this Circuit we have held such fraud to consist of an "unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter" involving an officer of the court. Aoude v. Mobil Oil Corp., _____ _______________ 892 F.2d 1115, 1118 (1st Cir. 1989). -11- from fraudulent judgments. See Hazel-Atlas Glass, 322 U.S. ___ __________________ 238. While "fraud upon the court" is therefore not the only permissible basis for an independent action, as the ____ district court held, and therefore Reintjes need not make such a showing, there is also little doubt that fraud cognizable to maintain an untimely independent attack upon a valid and final judgment has long been regarded as requiring more than common law fraud. Throckmorton, 98 U.S. at 66; ____________ Hazel-Atlas Glass, 322 U.S. at 244-45 (untimely bid for __________________ relief justified only where enforcement of judgment would be "manifestly unconscionable") (quoting Pickford v. Talbott, ________ _______ 225 U.S. 651, 657 (1912)). See also, Chicago, R.I. & P. Ry. ___ ____ _______________________ v. Callicotte, 267 F. 799, 810 (8th Cir. 1920), cert. denied, __________ ____________ 255 U.S. 570 (1921) ("indispensable" element of independent attack on judgment for fraud is that it prevented party from presenting his case); Aetna Casualty & Surety Co. v. Abbott, ____________________________ ______ 130 F.2d 40, 43-44 (4th Cir. 1942) ("it is well settled that [a conspiracy between plaintiff and his witnesses to present perjured testimony] constitutes no ground" upon which court could deny enforcement of judgment in an independent proceeding). The great majority of cases addressing the scope of fraud necessary to sustain an independent action under the modern Rule 60(b) has adhered to this principle. See, e.g., Gleason v. Jandrucko, 860 F.2d 556, 558 (2nd Cir. ___ ____ _______ _________ -12- 1988) (fraud necessary to sustain independent action is narrower than that which is sufficient to obtain relief by timely motion); Travelers Indemnity Co. v. Gore, 761 F.2d ________________________ ____ 1549 (11th Cir. 1985) (allegations of perjury insufficient to entitle plaintiff to relief from judgment in an independent action under Rule 60(b)); Great Coastal Express v. Int'l ______________________ _____ Brotherhood of Teamsters, 675 F.2d 1349, 1358 (4th Cir. __________________________ 1982), cert. denied, 459 U.S. 1128 (1983); Robinson, 56 F.3d ____________ ________ at 1274 n.6 (10th Cir. 1995). But see, Averbach v. Rival _______ ________ _____ Manufacturing Co., 809 F.2d 1016, 1022-23 (3rd Cir.), cert. _________________ _____ denied, 482 U.S. 915, and cert. denied, 484 U.S. 822 (1987) ______ ____________ ("[T]he elements of a cause of action for [relief from a judgment on the ground of fraud] in an independent action are not different from those elements in a Rule 60(b)(3) motion, and . . . the time limit on such a motion does not apply to an independent action."). In sum, perjury alone, absent allegation of involvement by an officer of the court (Reintjes makes none), has never been sufficient. Throckmorton, 98 U.S. at 66; ____________ Hazel-Atlas Glass, 322 U.S. at 245. See also, Gleason, 860 _________________ ________ _______ F.2d at 559 (2nd Cir.); Travelers Indemnity, 761 F.2d at ___________________ 1551-52 (11th Cir.); Wood v. McEwen, 644 F.2d 797 (9th Cir. ____ ______ 1981), cert. denied, 455 U.S. 942 (1982). The possibility of ____________ perjury, even concerted, is a common hazard of the adversary process with which litigants are equipped to deal through -13- discovery and cross-examination, and, where warranted, motion for relief from judgment to the presiding court. Fed.R.Civ.P. 60(b)(3). Were mere perjury sufficient to override the considerable value of finality after the statutory time period for motions on account of fraud has expired, it would upend the Rule's careful balance. See ___ Great Coastal Express, 675 F.2d at 1354-55 (Rule 60(b) is an ______________________ effort to balance competing judicial values of finality and equity, with equitable considerations favored for up to one year from entry of judgment, and finality thereafter). Reintjes points to no reason why this newly discovered evidence might justify relief from judgment beyond the statutory time frame. Discrediting witnesses does not generally justify an "extraordinary" second opportunity. Xerox Financial Services Life Ins. Co. v. High Plains Ltd., _______________________________________ ________________ 44 F.3d 1033, 1038-39 (1st Cir. 1995). See Moore, 7 Federal ___ _______ Practice, 60.37 (Rule 60(b) does not license a party to ________ relitigate, whether via motion or independent action, any "issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense"). See, also, Travellers Indemnity, 761 F.2d at 1552 ___ ____ ____________________ (11th Cir.); Comptex, S.A. v. LaBow, 783 F.2d 333, 335 (2nd _____________ _____ Cir. 1986); Carter v. Dolce, 741 F.2d 758, 760 (5th Cir. ______ _____ 1984). Reintjes' claims amount, at best, to ordinary fraud which, as we have said, cannot form the basis of an -14- independent action under the Rule's saving provision when they would certainly be barred if presented as a motion under section (3).6 See Wallace v. United States, 142 F.2d 240, ___ _______ _____________ 244 (2nd Cir.), cert. denied, 323 U.S. 712 (1944) _____________ ("[o]bviously it cannot have been intended that what may be done within six months, pursuant to the body of Rule 60(b) may also be done thereafter, under the exception contained in its last sentence") (referring to predecessor to current Rule). See also, Moore, 7 Federal Practice, 60.33 (if _________ _________________ fraud that may form basis of independent action "is not kept within proper limits but is ballooned to include all or substantially all species of fraud within 60(b)(3) then the time limitation upon 60(b)(3) motions will be meaningless"). Finally, while the notion that it would be "against conscience" to let a particular judgment stand may in some instances serve to tip what would otherwise be ordinary fraud into the special category that can invoke a court's inherent powers to breach finality, see Marshall v. Holmes, 141 U.S. ___ ________ ______ 589, 595 (1891), Hazel-Atlas Glass, 322 U.S. at 244-45, __________________ Reintjes has failed to so move us here. There is nothing particularly offensive about the circumstances surrounding, or the result of, Reintjes' warranty dispute with Riley Stoker. See id. at 244. If Reintjes should have won, then ___ ___  ____________________ 6. See note 2, supra. ___ _____ -15- the most that can be said is that it lost in large measure due to its own lack of diligence. The judgment of the district court is affirmed. ________ -16-