[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1117

JAMES E. COFIELD, JR. AND JUAN M. COFIELD,

Plaintiffs, Appellants,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Boudin and Stahl, Circuit Judges. 



Edwin A. McCabe, Philip Y. Brown and McCabe Brown on brief for 
appellants.
James C. Heigham and Choate, Hall & Stewart on brief for 
appellee.



August 25, 1997


Per Curiam. We have carefully reviewed the record 

and read the briefs on appeal. We affirm the district

court's judgment dismissing the complaint of appellant James

E. Cofield for essentially the reasons stated in the court's

Memorandum and Order, dated October 31, 1996. See Local Rule 

27.1. We add only two comments.

1. Statute of Limitations. We assume, without 

deciding, that appellant argued below that Fannie Mae had

perpetrated a fraud on the bankruptcy court. Nonetheless,

the claim cannot succeed. Simply, appellant may not pursue

the fraud claim now, either via motion or in an independent

action, because he could have litigated it in the adversary

proceeding. That is, from the undisputed facts, it is plain

that appellant knew of Fannie Mae's alleged fraud before the

adversary proceeding was dismissed. As we pointed out in a

recent case, Fed. R. Civ. P. 60(b) does not permit a party to

relitigate, in an independent action or by motion, issues

that the party had a fair opportunity to litigate in the

former action. See Geo. P. Reintjes Co. v. Riley Stoker 

Corp., 71 F.3d 44, 49 (1st Cir. 1995) (citing 7 J. Moore, 

Moore's Federal Practice 60.37 (1995)). At the least, 

appellant could have filed a motion for reconsideration of

the order of dismissal.

2. Malicious Prosecution. Appellant's reliance on 

comment j to 674 of the Restatement (Second) of Torts 

-2-

(1977) does not help him. That comment emphasizes that

"[w]hether a withdrawal or an abandonment constitutes a final

termination of the case in favor of the person against whom

the proceedings are brought . . . depends upon the 

circumstances under which the proceedings are withdrawn." 

Id. cmt. j (emphasis added). The circumstances surrounding 

Fannie Mae's decision to let the bankruptcy order of

dismissal stand, even assuming such decision amounts to

abandonment, establish that, as the district court found, the

adversary proceeding, in relation to Fannie Mae's claims

against appellant, did not terminate in either party's favor.

We therefore summarily affirm the judgment of the 

district court and, as per counsel's representation in the

reply brief, withdraw the appeal of Juan M. Cofield.

-3-