USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1117 JAMES E. COFIELD, JR. AND JUAN M. COFIELD, Plaintiffs, Appellants, v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Patti B. Saris, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Edwin A. McCabe, Philip Y. Brown and McCabe Brown on brief for ________________ _______________ ____________ appellants. James C. Heigham and Choate, Hall & Stewart on brief for __________________ _________________________ appellee. ____________________ August 25, 1997 ____________________ Per Curiam. We have carefully reviewed the record ___________ and read the briefs on appeal. We affirm the district court's judgment dismissing the complaint of appellant James E. Cofield for essentially the reasons stated in the court's Memorandum and Order, dated October 31, 1996. See Local Rule ___ 27.1. We add only two comments. 1. Statute of Limitations. We assume, without _______________________ deciding, that appellant argued below that Fannie Mae had perpetrated a fraud on the bankruptcy court. Nonetheless, the claim cannot succeed. Simply, appellant may not pursue the fraud claim now, either via motion or in an independent action, because he could have litigated it in the adversary proceeding. That is, from the undisputed facts, it is plain that appellant knew of Fannie Mae's alleged fraud before the adversary proceeding was dismissed. As we pointed out in a recent case, Fed. R. Civ. P. 60(b) does not permit a party to relitigate, in an independent action or by motion, issues that the party had a fair opportunity to litigate in the former action. See Geo. P. Reintjes Co. v. Riley Stoker ___ ______________________ ____________ Corp., 71 F.3d 44, 49 (1st Cir. 1995) (citing 7 J. Moore, _____ Moore's Federal Practice 60.37 (1995)). At the least, _________________________ appellant could have filed a motion for reconsideration of the order of dismissal. 2. Malicious Prosecution. Appellant's reliance on _____________________ comment j to 674 of the Restatement (Second) of Torts _______________________________ -2- (1977) does not help him. That comment emphasizes that "[w]hether a withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought . . . depends upon the __________________ circumstances under which the proceedings are withdrawn." ___________________________________________________________ Id. cmt. j (emphasis added). The circumstances surrounding ___ Fannie Mae's decision to let the bankruptcy order of dismissal stand, even assuming such decision amounts to abandonment, establish that, as the district court found, the adversary proceeding, in relation to Fannie Mae's claims against appellant, did not terminate in either party's favor. We therefore summarily affirm the judgment of the ______ district court and, as per counsel's representation in the reply brief, withdraw the appeal of Juan M. Cofield. -3-